GENERAL MOTORS ACCEPTANCE CORP. *v.* JACKS.

[Cite as Genl. Motors Acceptance Corp. v. Jacks, 27 Ohio Misc. 115.]

(No. E-1546—Decided April 20, 1971.)

Dayton Municipal Court, Civil Division.

*Mr. Daniel Nagle* and *Messrs. Karas & Nagle, for* plaintiff.
*Mr. Marshall L. Clark,* for defendant.

RICE, J.
A. THE FACTS
The defendant herein, a resident of Greene County, Ohio, purchased a 1967 Buick automobile from the Tatone Buick Company of Fairborn, Greene County, Ohio. Pursuant to the sale, the defendant entered into a written retail installment contract with the Tatone Buick Company, whereby he agreed to purchase the automobile for specified price, payable, in addition to the trade-in which was hand-

led as a down payment on the Buick, in monthly installments at so much money per month.

This retail installment contract was assigned by the Tatone Buick Company, for a valuable consideration, to the plaintiff herein, the General Motors Acceptance Corporation, a New York corporation, with its main office for this district in Dayton, Montgomery County, Ohio.

The defendant defaulted under the terms of the retail installment contract and the automobile was repossessed and sold by the plaintiff, the General Motors Acceptance Corporation. There is presently an alleged deficiency balance owed by the defendant to the plaintiff, in the amount of $712.48, which forms the basis for the present law suit.

The defendant has alleged improper venue in the Dayton Municipal Court and has moved for a change of venue by transferring the cause from the Dayton Municipal Court to a proper court in Greene County, Ohio, for the reason that, since the defendant is a resident of Greene County, Ohio, venue is properly within that county.

B. THE ISSUE

Where does proper venue lie under the facts of the case at Bar?

C. THE DECISION

Proper venue, in the case at Bar, lies both in Dayton, Montgomery County, Ohio (within the Dayton Municipal Court), and in Greene County, Ohio, and, therefore, the motion for change of venue to Greene County, Ohio, must be and is hereby denied.

D. THE RATIONALE

In order to determine why the court holds that proper venue lies in Dayton, Montgomery County, Ohio, as well as Greene County, rather than exclusively in Greene County, the county where the defendant resides, where the automobile was purchased and where the retail installment contract was signed, it is necessary to review not only the pertinent new law on venue and proper venue (Civil Rule 3 (B) ), but also to review the rationale behind the new rules of venue.

"The place of trial established by the prior venue

statutes (prior to the effective date of the new Rules of Civil Procedure on July 1, 1970) was sometimes unrelated to convenience of trial and fairness to the defendant, the true objectives of a venue provision. Civil Rule 3 develops a simplified and unified venue concept which is designed to obviate many of the prior venue problems. The new venue rules designate certain forums as proper, based upon a common-sence view of geographical areas which will normally be convenient for the trial of a law suit (Civil Rule 3 (B) (1) through (11). Generally, the traditional places of trial, such as the county where the defendant lives, etc., are retained although not necessarily made mandatory. In most instances, actions will be tried in the same coun-. ty as they are now tried, but the priority of place of trial is arranged so that those that are most convenient and fair are the proper places of trial, and less convenient places may be utilized only if a better location is not avail-, able.''

''Rule 3 (B) of the new Rules of Civil Procedure sets forth counties (when applied to county and municipal courts, ''County'' as used in this rule is construed as meaning the territorial limits of those courts) which are conclusively proper forums in a particular law suit. Counties in which the defendant has had substantial contact relating to the suit or counties where property is located are favored as in present venue statutes. However, *the plaintiff is not necessarily restricted to one county if other counties are also available* inasmuch as Rule 3 (B) states that 'Proper venue lies *in any one or more of* the * * *' listed in Rule 3 (B) (1) through Rule 3 (B) (11). In addition, this rule establishes a system of priorities. If any of the first nine counties are proper forums, Rule 3 (B) (10) would not be applicable. If any of the first ten counties are proper forums, Rule 3 (B) (11) would not be applicable. Generally, the counties stated to be proper include the county where the action may be brought under current law. The rule also states possible additional counties. For example, the county in which the property is located (Rule 3 (B) (5) ), if the subject of the action is real or personal prop-

erty, is a proper county although the action may also be brought in the county where the defendant resides (Rule 3 (B) (1) ) or where the defendant conducted activity which gave rise to the claim for relief (Rule 3 (B) )." (Emphasis added.)

"Generally, the law favors suits in places where the defendant resides or has a close connection *or* in places where the claim for relief arose *or* the subject of the action is located; therefore, the venue provisions of Rule 3 (B) (10), which relate to the place where plaintiff resides or has a close connection, are not applicable unless none of the forums listed in Rule 3 (B) (1) through Rule 3 (B) (9) are available." (Emphasis added.)

"Like Rule 3 (B) (10), Rule 3 (B) (11) states a venue alternative. It is a final alternative in that it establishes venue in a county where the '* * * defendant has property or debts owing to him * * * or where * * * defendant has appointed an agent (or an agent has been appointed by law) to receive service of process * * *.' If the only relation a county has to a suit is that defendant has property or an agent there, it lacks substantial relation with the suit. Therefore, counties stipulated in Rule 3 (B) (11) are improper as a place of trial unless none of the other ten alternatives are applicable."

The above four paragraphs are from the staff note to Civil Rule 3 B of the Ohio Rules of Civil Procedure. See Pages Ohio Revised Code, Civil Rules (1971).

To determine proper venue, the plaintiff need only decide if *any* of the first nine forums listed in Civil Rule 3 (B) (1) through (9) are applicable to his particular action regardless of the nature of the action. If *any* of *these* counties are vailable, the action must be brought in a proper court in that county If more than one county is proper, under Rule 3 (B) (1) through (9), the plaintiff *may choose the county in which he prefers to commence the action.* If the county is proper, the action must be decided in that county unless transferred under Civil Rule 3 (C) (4). Only if none of the first nine choices are applicable to a particular action, can the plaintiff then proceed to ascer-

tain whether Civil Rule 3 (B) (10) is applicable. If so, a proper county should be selected from Civil Rule 3 (B) (10). Forums under Civil Rule 3 (B) (10) are not favored and are available only if none of the first nine forums are applicable. If Civil Rule 3 (B) (10) is not applicable then the plaintiff should determine whether there is an available forum listed in Civil Rule 3 (B) (11). See McCormac, Ohio Civil Rules Practice (1970), Section 2.02.

The crucial fact to be gleaned from the above citations from both McCormac and the Staff Note on the new venue rules is that the plaintiff must first look to see whether venue may be had pursuant to the venue provision of Rule 3 (B) (1) through (9). If so, the plaintiff is not restricted to one specific county under Rules 3 (B) (1) through (9) but may choose the county in which he prefers to commence the action. In other words, the plaintiff is not required to proceed, in numerical order from Rule 3 (B) (1) through (9), fixing his venue in whichever county first arises. The plaintiff need not choose venue under Rule 3 (B) (1) (the county where the defendant resides) *if* he prefers to choose venue under Rule 3 (B) (6) (the county in which all or part of the cause of action arose) *or* Rule 3 (B) (3) (the county in which the defendant conducted activity which gave rise to the cause of action).

The case at Bar is an action seeking to collect the deficiency balance alleged to be due and owing by reason of the defendant's default on a retail installment contract for the purchase of an automobile, which said default caused the plaintiff to repossess the automobile and to sell same. The deficiency balance is the difference between the price received by the plaintiff on the sale of the automobile and the total amount owed by the defendant under the terms of the retail installment contract. It is clear that in the case at Bar, the subject matter is not the original purchase of the autmobile or the original contract signed between the defendant and the Tatone Buick Company, but rather the defendant's default under the terms of that contract which caused the plaintiff, a Dayton resident, to sell the automobile and commence suit for the deficiency

balance. The court feels that the subject or the cause of action involved herein (the default giving rise to the repossession and sale of the automobile leading to the suit for the deficiency balance) arose in Montgomery County, within the city of Dayton. In addition, the court feels that venue under 3 (B) (3) is satisfied in that Dayton, Montgomery County, is that county in which the defendant conducted activity (the default under the terms of the retail installment contract) which gave rise to the cause of action.

Therefore, the court feels that venue is properly brought under Rules 3 (B) (3) and 3 (B) (6). The fact that venue would have likewise been proper under the terms of Rule 3 (B) (1), in Greene County, Ohio, for the reason that it is in that county that the defendant resides, is immaterial. As indicated above, the plaintiff is not restricted to any one county if more than one county is proper, but rather the plaintiff may choose the county in which he prefers to commence the action. In the case at Bar, the plaintiff's choice was a proper one and will not be disturbed by this court.

*Motion denied.*