ROSS ORTHOPEDIC SUPPLY *v.* JEWISH HOSPITAL.

(No. 77 CVF 87—Decided September 1, 1977.)

Bellefontaine Municipal Court.

*Mr. William E. Shirk,* for plaintiff.
*Mr. Robert A. Pitcairn, Jr.,* for defendant.

O'CONNOR, J.  Defendant's motion for a change of venue to the Hamilton County Municipal Court raises the issues of whether, under the facts herein, the defendant either conducted activity in Logan County which activity gave rise to the claim for relief (Civil Rule 3 [B][3]) or whether Logan County is the county in which the claim for relief

arose (Rule 3[B] [6]). That venue would be proper in Hamilton County, where defendant resides and has its principal place of business, is not disputed.

The facts, established by the pleadings and affidavits filed by the parties, are as follows. Defendant, a hospital in Hamilton County, for some time had purchased hospital products from Howmedical Products, Rutherford, New Jersey. Plaintiff operates as a distributor for Howmedical. Plaintiff, a supplier to hospitals, solicited defendant's business in Hamilton County. Defendant placed a telephone call from Hamilton County to plaintiff in Logan County and subsequently mailed a confirming order to plaintiff. The goods were to be shipped F. O. B. to The Jewish Hospital (defendant). The goods were shipped by plaintiff to defendant via United Parcel Service, from Logan to Hamilton County. No representative of defendant Hospital was ever physically present in Logan County in connection with the subject matter of this civil action. Defendant operates solely in Hamilton County, and has had no employees permanently or temporarily in Logan County. Payment for the goods was to be sent by mail from Hamilton County to Logan County.

A dispute arose as to the amount charged for several of the items.

No controlling Ohio case law authority has been cited by either party.

Plaintiff may bring its action in any one of the counties described by parts (1) through (9) of Civ. R. 3(B). Plaintiff relies on Rule 3(B)(3) requiring that defendant "conducted activity in Logan County" which gave rise to the claim for relief, and, or, on Rule 3(B)(6) requiring that Logan County be that county "in which all or part of the claim for relief arose * * *."

It has been noted that parts (3) and (6) raise similar questions and complement each other. 4 Anderson's Ohio Civil Practice, Section 149.09, Conducting Activity, and Section 149.12, Where the Claim for Relief Arose.

Three Ohio cases could be found which were decided under Rule 3. In *Morrison* v. *Steiner* (1972), 32 Ohio St.

2d 86, defendant Steiner, a resident of Hancock County, went to the Lucas County residence of the plaintiff and there inspected and eventually purchased certain bee-keeping equipment being offered for sale by plaintiff. The promissory note, for nonpayment of which the claim arose, was executed by defendant Steiner at plaintiff's Lucas County residence and was made payable there also. The Supreme Court affirmed the denial of the motion for a change of venue, holding that defendant had "conducted activity" giving rise to the claim in Lucas County and that Lucas County was the County in which the claim "arose"; hence venue was proper under either part (3) or part (6) of Rule 3.

The opinion in *Rutger Hotel Corp.* v. *Standard Oil Co.* (Ct. App. of Hamilton Co. 1975), 324 N. E. 2d 289, addressed the problem of the residence or principal place of business of a corporate defendant, under parts (1) and (2) of Rule 3(B). The activity of defendant, giving rise to the claim, had occurred in Florida.

In *Genl. Motors Acceptance Corp.* v. *Jacks* (1971), 27 Ohio Misc. 115, plaintiff filed its action in Montgomery County to recover the deficiency due it following defendant's default, in Montgomery County, on a note, and following the foreclosure and sale of the collateral, an automobile. Defendant had purchased the automobile in Greene County and there signed a retail installment contract which was subsesquently assigned to plaintiff, which had its main offices in Dayton, Montgomery County, Ohio. The court ruled that venue was proper under either part (6) of Rule 3(B) because defendant's default under the retail installment contract occurred in Montgomery County where plaintiff, to whom the contract has been assigned, had its main office, or under part (3) of Rule 3(B), because by the default defendant "conducted activity" which gave rise to the claim.

None of the decided cases are on all fours with the instant case. Some guidance can be obtained from the Staff Notes to Rule 3(B). Several of the comments in the Staff Notes are pertinent:

"* * * Thus generally the traditional places of trial, such as the county where the defendant lives * * * are retained although not necessarily made mandatory. * * *

"* * * Counties in which the defendant has had *substantial* contact relating to the suit * * * are favored as in present venue statutes. However, the plaintiff is not necessarily restricted to one county if other counties are available * * *. [Emphasis added.]

"Generally the law favors suits in places where the defendant resides or has a *close* connection or in places where the claim for relief arose on the subject of the action is located * * *." (Emphasis added.)

The activity of defendant does not constitute that *"substantial"* or *"close* contact" with Logan County relating to the suit contemplated by Rule 3, or contemplated by Staff Note to Rule 3(B) of the Ohio Rules of Civil Procedure. A telephone call, and the mailing of a confirming order, to a distant county, following solicitation in the originating county, would make every buyer subject to suit anywhere in any county where an order was placed. Contacts of this type, *i. e.*, a single or infrequent communication by mail or telephone, as opposed to physicial presence of a salesman or representative, will surround almost any commercial transaction; to hold that venue is proper in the seller's county would be a complete departure from the past practice of suing defendant in defendant's county and from the intent of the Rule to allow suit in a distant county only where "substantial" or "close" contact of defendant in that distant county had occurred. Such a holding would make the defendant, a hospital located in Cincinnati, subject to suit in any distant county to which a call had been made and confirming order sent. Further, the activity of defendant *that gave rise to the claim* was defendant's refusal to pay, as a result of defendant's questioning the amounts charged for certain items, not the placement, by telephone, of the order. Thus this Court, based solely on the facts of and the parties involved in this case, holds that this defendant did not conduct activity giving rise to the claim in Logan County; thus venue is not proper under Rule 3(B)(3).

The second question is where the claim arose, on the facts of the case at bar. Defendant has refused, in Hamilton County, to pay by not making out a check in Hamilton County and mailing it to Logan County.

The Staff Note to Rule 3 refers the reader to "an excellent discussion of recommendations which are incorporated in this rule" set forth in Miller, Implementing Current Theories of Jurisdiction, Venue and Service of Process—Proposals for Revision of the Ohio Statutes, 29 Ohio St. L. J. 116 (1968). There, the author states at page 119:

"The major purpose of venue is to provide a fair and convenient geographical location for trial within the borders of a jurisdiction, usually a State, in which jursdiction over the defendant or his property has been acquired. While *convenience to the defendant rather than plaintiff is usually emphasized,* and while the location of witnesses—the place where the cause of action arose—may also be an important factor, there are few limitations on the locations which the legislature may establish as proper venues." (Emphasis added.)

The author suggests that a "motion to the geography" of suit raises questions, albeit short of constitutional stature, of convenience and fairness. (*Ibid,* at page 121.) In discussing the venue proposal, which was substantially similar to the present Rule 3, the author states, at page 153:

"In short, as is generally true of most venue statutes, this proposal favors the bring of suit in counties with which defendant has had *meaningful* contact *or in counties which have a meaningful relation to the cause of action.* However, the plaintiff is not necessarily locked into such counties if in a particular case another county is more convenient." (Emphasis added.)

The convenience factor, although not alone decisive, would lead to trial in Hamilton County; defendant has no representatives regularly in Logan County, whereas plaintiff's sales representatives, who called on defendant in Hamilton County, do travel to Hamilton County.

The question of whether the refusal to pay, because of a dispute in the amount charged for certain items, arose in Logan County can be resolved by examination of whether

Logan County, or any geographic feature thereof, has any meaningful relationship to the claim. This court does not believe that it does. Many of the "where the cause of action arose" cases and illustrations, found in the legal literature, involve damages to persons or property; in many cases, one county will have significance because it is near the scene of the incident, thus facilitating a view of the scene, or is more accessible to many of the witnesses, or is near the damaged property. Here, neither county geographically has any such significance to the amount charged for certain items. In short, no meaningful relationship to the dispute, the amount charged for various items, can be found with Logan County.

In *Morrison* v. *Steiner, supra,* the defendant had been present in the distant county, had signed the note, on which the action was based, in the distant county, and had promised to pay in, and then defaulted in, the distant county. In *Genl, Motors Acceptance Corp.* v. *Jacks, supra,* the retail installment contract, presumably allowed for its assignment and provided that it was payable at the office of the assignee. No negotiable instrument, with a promise to pay a fixed sum, is involved in the instant case. (In negotiable instrument cases, in the future, this court will be scrutinizing cases filed here, and those decided elsewhere, to ascertain whether, if the *Jacks* decision were followed, such instruments were being assigned to distant counties and suits brought in such distant counties, for the purpose of placing an unfair burden on obligors, or with that result.)

In summary, this court holds that venue is not proper, under either Civ. R. 3(B)(3) or Civ. R. 3(B)(6) in Logan County.

It is hereby ordered, adjudged and decreed that the within civil action be and hereby is transferred to the Hamilton County Municipal Court.

*Judgment accordingly.*