NAGY *v.* SWANN.

(No. 965,002—Decided April 8, 1978.)

Court of Common Pleas of Cuyahoga County.

*Mr. John J. McCarthy,* for plaintiff.
*Mr. Timothy Reid,* for defendant.

JAMES J. MCMONAGLE, J. This matter involves a claim by the plaintiff based upon a motor vehicle collision which allegedly occurred on April 23, 1975 in Summit County. Both the plaintiff and the defendant reside in Summit County.

The defendant has filed a motion for change of venue, based solely upon the contention that since all parties reside in Summit County, and the claim arose in Summit County, venue is not proper in Cuyahoga County.

In his brief in opposition to the defendant's motion,

the plaintiff argues that because Civ. R. 3(B)(6) provides that venue is proper in "the county in which all *or a part* of the claim for relief arose * * *" (emphasis added), venue is proper in Cuyahoga County because plaintiff's medical care and treatment in this county constitutes such a "part of the claim for relief." This novel contention appears to this court to be worthy of examination and analysis.

Civ. R. 3(B) provides for proper venue in this state as follows, in pertinent part:

"Any action may be venued, commenced and decided in any court in any county. When applied to county and municipal courts 'county' as used in this rule shall be construed where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:

"(1) The county in which the defendant resides;

"(2) The county in which the defendant has his principal place of business;

"(3) A county in which the defendant conducted activity which gave rise to the claim for relief;

"* * *

"(6) The county in which all or a part of the claim for relief arose; * * *"

We agree with the plaintiff's contention that if venue is proper in more than one of the counties described in Civil Rule 3(B) subsections (1) through (9), the plaintiff may choose the county in which he prefers to commence the action. See McCormac, Ohio Civil Rules Practice (1970), Section 2.02; *General Motors Acceptance Corporation* v. *Jacks* (1971), 27 Ohio Misc. 115, 268 N. E. 2d 833. The Rule appears unambiguous in this regard.

Less clear, however, is the language in subsection (6) of Rule 3(B), "The county in which * * * a part of the claim for relief arose * * *." The plaintiff rightly points out that the phrase is subject to interpretation because of its ambiguity, and that here is little by way of court interpretation of this phrase in Ohio case law to date.

The plaintiff refers the court to a federal decision which interpreted comparable language in the Federal Venue

Statute, Sec. 1391, Title 28, U. S. Code. That case, *United States, ex rel. Flemings,* v. *Chafee* (E. D. N. Y. 1971), 330 F. Supp. 193, 194, affirmed 458 F. 2d 544 (C. A. 2, 1972), reversed on other grounds, 413 U. S. 665 (1973), interpreted the phrase "in which the claim arose" as referring to the district in which "substantial material events" took place. Using this test, the plainiff contends that since damages constitute a substantial portion of a claim for relief in negligence, in his case medical bills representing care and treatment occurring in Cuyahoga County represent substantial material events, for the purpose of determining proper venue.

This court is not aided significantly by the test suggested by the plaintiff, because that test still leaves the ambiguity in the terms "claim" and "arose" unresolved. Specifically, the question remains as to whether or not the term "arose" limits the term "claim" to the extent that it refers only to the original events causing the injury, or whether the language also embraces all steps needed to remedy that injury. Two federal cases interpreting the Federal Venue Statute suggests that the more restrictive interpretaion is the correct one.

Observing that the rule that venue is proper where the "claim arose" is simple to state, but difficult to interpret, the district court in *Ryan* v. *Glenn* (N. D. Miss. 1971), 52 F. R. D. 185, defined the term "claim" as "the aggregate of operative facts giving rise to a right enforceable in the courts." 52 F. R. D., at page 192.

The *Ryan, supra,* test was followed by the district court in *Uniroyal, Inc.* v. *Sperberg* (S. D. N. Y. 1973), 63 F. R. D. 55. In *Uniroyal,* the court distinguished between acts which "create" a right enforceable in the courts, and the acts which constitute a "manifestation" of those right-creating acts. The *Uniroyal, supra,* court held that only the former category of acts are *operative,* for the purpose of determining proper venue.

Applying the test enunciated in *Ryan, supra,* and as elaborated upon in *Uniroyal, supra,* this court holds that the events relating to the collision in Summit County giving

rise to the cause of action in the instant case can be considered *operative*, but that the events relating to the subsequent medical care and treatment received in Cuyahoga County cannot be considered *operative*, but rather are only a manifestation of these operative, right-creating events. Therefore, we must conclude that the medical care and treatment occurring in Cuyahoga County is not part of the plaintiff's "claim" within the meaning of that term as used in Civ. R. 3(B)(6).

This court is further supported in its decision by considering the aggregate effect that would result from a contrary holding. If any plaintiff could control the venue of his case simply by seeking medical care in the desired county, the result would be an absolutely unlimited opportunity for forum shopping. Such unfettered freedom to selected venue seems inconsistent with the restrictions, even though they may be liberal, imposed by Civ. R. 3(B).

The plaintiff has also argued that changing venue to Summit County would impose great financial hardship on him, in light of the cost of transporting doctors, expert witnesses, documents, and records. He points out that the rationale behind the venue rule was to eliminate unnecessary expense and other impediments to the expeditious administration of justice. *General Motors Acceptance Corporation* v. *Jacks, supra*, at page 834.

This court recognizes that the rationale of the legislature was undoubtedly what the defendant contends. We also realize that changing the venue might increase the plaintiff's expenses. However, we cannot use either of these considerations to arrive at a holding which appears to be contrary to the interpretation of the Rule.

For the foregoing reasons, this court holds that the defendant's motion for a change of venue to Summit County should be, and hereby is, granted.

*Motion granted.*