THE STATE, EX REL. FANT, APPELLANT, *v.* CLERK OF COURTS, EAST CLEVELAND MUNICIPAL COURT, APPELLEE.

[Cite as *State, ex rel. Fant, v. East Cleveland Mun. Court Clerk* (1992), 62 Ohio St.3d 530.]

(No. 91–538—Submitted July 17, 1991—Decided February 12, 1992.)

*Henry J. Fant, pro se.*

*James H. Hewitt,* Director of Law, and *Rufus Sims,* for appellee.

---

*Per Curiam.* The court of appeals stated no reasons for its action in dismissing the complaint. However, it sustained the motion to dismiss which contended that under Civ.R. 12(B)(6) appellant's complaint failed to state a claim upon which relief can be granted. The rule provides:

"Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto * * *, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *."

Procedurally, the action was appropriate, and, substantively, the complaint did not state a claim upon which relief could be granted. The court of appeals acted properly. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In *State, ex rel. Westchester Estates, Inc., v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, at paragraph one of the syllabus, we reiterated the basic requirements for the issuance of a writ of mandamus:

"In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. * * *"

The gravamen of appellant's complaint is that he was entitled to have an immediate designation from the clerk of courts of the trial date. Did he have such a right and concomitantly did the clerk have such a duty? R.C. Chapter 1925 defines procedures in the small claims division of municipal courts. R.C. 1925.04 provides in pertinent part:

"An action is commenced in the small claims division when the plaintiff * * * states the amount and nature of his claim to the court * * *. At the time of the commencement of an action, the plaintiff * * * shall pay a filing fee * * *.

"The plaintiff * * * shall state * * * the plaintiff's and the defendant's place of residence, * * * and the nature and amount of his claim. The claim

shall be reduced to writing in concise, nontechnical form. Such writing shall be signed by the plaintiff, * * * under oath.

"A memorandum of the time and place set for trial shall be given to the person signing the writing. The time set for such trial shall be not less than fifteen or more than forty days after the commencement of the action."

The clear language of the statute indicates the error of appellant's position. Nowhere in the statute is there a requirement that the hearing date be established *at the time* of the filing of the small claims complaint. In the instant appeal a trial date was duly assigned and, although the record does not indicate the date upon which such assignment was made, trial was scheduled for February 1, 1991 and within fifteen to forty days following the commencement of the action. Within that time frame, appellant impetuously filed an additional action, namely a request for a writ of mandamus.

Finally, appellant, in his amended complaint, prayed for the right to inspect the clerk's public records without costs. The court of appeals properly rejected the request for inspection. There was an adequate remedy available to appellant. He could have attempted, in the pending small claims court proceedings, to obtain a copy of the Rules of Court of the East Cleveland Municipal Court. He did not do so. Apparently he was satisfied to rely upon his argument that R.C. 149.43(B) and (C) gave him a right to such records and that he need not pursue any other right that might be available. As indicated in paragraph one of the syllabus of *State, ex rel. Hastings Mut. Ins. Co., v. Merillat* (1990), 50 Ohio St.3d 152, 553 N.E.2d 646:

"A writ of mandamus will not lie where the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal. * * *"

In *Hastings, supra,* we stated: "Our holding in *State, ex rel. Scanlon,* [*v. Deters* (1989), 45 Ohio St.3d 376, 544 N.E.2d 680], also acknowledged that a writ of mandamus brought pursuant to R.C. 149.43 is unavailable where other procedural mechanisms may be employed to obtain the relief sought." *Id.*, 50 Ohio St.3d at 154, 553 N.E.2d at 649. Moreover, paragraph one of the syllabus of *Scanlon,* states:

"A relator in a mandamus action seeking production of documents pursuant to R.C. 149.43 is required, as are relators in other mandamus actions, to show the absence of an adequate alternative to issuing the writ."

In *State, ex rel. Shane, v. New Philadelphia Police Dept.* (1990), 56 Ohio St.3d 36, 37, 564 N.E.2d 89, 90, we stated:

"We hold today that a criminal defendant may not obtain a writ of mandamus under R.C. 149.43 to secure public records when he may litigate his

right to obtain these records in his criminal case. Hence, we conclude the court of appeals correctly denied Shane's complaint for a writ of mandamus."

The same conclusion applies here: the court of appeals correctly denied Fant's complaint.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.