JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellee, Namanworth Bohlen Co., L.P.A., filed suit in small claims court against defendant-appellant, John Zimmer, for unpaid legal fees of $238.90. Appellant filed a counterclaim alleging that the fees were excessive. The trial court granted judgment in favor of appellee on its claim and on appellant's counterclaim. Appellant filed a timely appeal pro se, to which appellee has not responded. A brief from appellee would have been helpful in the determination of the issues appellant raises in the appeal. We believe that if the judgment was important enough to pursue in small claims court, it was worth defending on appeal.
In his first assignment of error, appellant claims that because the only service he received was by ordinary mail, he was not properly served under the Rules of Civil Procedure. The civil rules apply to proceedings in the small claims division of a municipal court, except where they are inconsistent with the provisions of R.C. Chapter 1925. R.C. 1925.16; Simon v. Durham
(1994), 98 Ohio App.3d 828, 830, 649 N.E.2d 1240, 1241-1242. The record shows that service was originally attempted by certified mail, as required by Civ.R. 4.1(A). The transcript of the docket contains the certified-mail envelope showing that it was returned as "unclaimed." Subsequently, the clerk issued service by ordinary mail, pursuant to Civ.R. 4.6(D). Since the ordinary mail was not returned, service was complete. See Cincinnati Ins. Co.v. Emge (1997), 124 Ohio App.3d 61, 63, 705 N.E.2d 408, 410;United Home Federal v. Rhonehouse (1991), 76 Ohio App.3d 115,124, 601 N.E.2d 138, 143. Therefore we cannot hold that service was improper.
Appellant also argues that he was not given twenty-eight days after the date of mailing to answer the complaint, as required by Civ.R. 4(D). However, in line with the goal of the small claims division to provide for the efficient and inexpensive adjudication of small claims, pleadings are kept to a minimum.Robert Neroni Co. v. Bendersky (Apr. 28, 1988), Cuyahoga App. No. 53885, unreported. Pursuant to R.C. 1925.04(B), a plaintiff need only state the nature and the amount of his or her claim to a designated court official and have the claim reduced to writing in "concise, nontechnical form." Then, the official must give the plaintiff a memorandum of the time and place set for trial. The time set for the trial shall be not less than fifteen or more than forty days after the commencement of the action.State ex rel Fant v. Clerk of Cts., E. Cleveland Mun. Ct. (1992),62 Ohio St.3d 530, 531-532, 584 N.E.2d 721, 722-723, reversed on other grounds in State ex rel. Steckman v. Jackson (1994),70 Ohio St.3d 420, 639 N.E.2d 83; RobertNeroni Co., supra. Notice must be served on the defendant, who may file a counterclaim, but an answer is not contemplated. R.C.1925.05; O'Connor v. Moore (Mar. 2, 1993), Adams App. No. 92-CA-525, unreported; Robert Neroni Co.,supra. In this case, the trial court set the hearing date twenty-two days after the commencement of the action and otherwise complied with all of the statutory requirements. Consequently, we find no error, and we overrule appellant's first assignment of error.
In his second assignment of error, appellant contends that the trial court erred in overruling his motion for a change of venue. Civ.R. 3(C) provides that when an action has been commenced in a county that is not proper under Civ.R. 3(B), the court, upon the timely assertion of the defense of improper venue, shall transfer the action to a proper county. Civ.R. 3(B)(6) provides that venue is proper in the county "in which all or part of the claim for relief arose[.]" Courts have held that refusal to pay money due on a contract results in a breach of that contract at the place where the money is to be paid. Absent an express agreement to the contrary, proper venue lies in the county in which the payee's place of business is located. Soloman v.Excel Marketing, Inc. (1996), 114 Ohio App.3d 20, 25-26,682 N.E.2d 724, 727; Williams v. Jarvis (Aug. 26, 1999), Cuyahoga App. No. 74580, unreported; Lorenz Equip. Co. v. Ultra Bldrs., Inc.
(Feb. 23, 1993), Franklin App. No. 92AP-1445, unreported. Since appellee's place of business was located in Hamilton County, venue in that county was proper, regardless of whether venue would also have been proper in another county. See Soloman, supra, at 25-26,682 N.E.2d 724, 727; General Motors Acceptance Corp. v. Jacks
(Mun. 1971), 27 Ohio Misc. 115, 120, 268 N.E.2d 833, 836. Accordingly, the trial court did not err in overruling appellant's motion for a change of venue, and we overrule his second assignment of error.
In his third assignment of error, appellant states that the trial court erred by "granting [appellee's] claim for damages and by overruling [appellant's] counterclaim for damages." He argues that the trial court's judgment was against the manifest weight of the evidence. However, in this assignment of error, appellant is really taking issue with the trial court's interpretation of the contract. The interpretation of a written agreement is, in the first instance, a matter of law for the court. If it is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties. Aultman Hosp. Assn. v. CommunityMut. Ins. Co. (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920, 923;Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1,4-5, 553 N.E.2d 1371, 1375. In this case, the trial court correctly concluded that the contract was unambiguous and clearly set the hourly rate for one of the two listed attorneys at $150 per hour. Appellant's contention that the hourly rate was for two attorneys ignores the plain language of the contract.
As to appellant's factual contention that appellee billed him for an excessive number of hours, we do not have a transcript of the hearing before the magistrate. Without a transcript of the hearing, we have no choice but to presume the regularity of the proceedings. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199-200, 400 N.E.2d 384, 385-386. The findings of fact in the magistrate's decision support his legal conclusions and recommendations, and, therefore, the trial court did not err in adopting his decision. Civ.R. 53(D); Roberts v.Payton (1995), 105 Ohio App.3d 597, 599-600, 664 N.E.2d 978, 980;Helton v. Helton (1994), 102 Ohio App.3d 733, 735-737,658 N.E.2d 1, 2-3.
Accordingly, we overrule appellant's third assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.