THE STATE, EX REL. HASTINGS MUTUAL INSURANCE COMPANY, APPELLANT, *v.* MERILLAT, FULTON COUNTY SHERIFF, APPELLEE.

[Cite as State, ex rel. Hastings Mut. Ins. Co., *v.* Merillat (1990), 50 Ohio St. 3d 152.]

(No. 89-502—Submitted November 14, 1989—Decided April 18, 1990.)

*Neipp & Wingart Co., L.P.A.,* *William H. Bracy* and *Kathleen W. Striggow,* for appellant.

*William B. Swigart,* prosecuting attorney, for appellee.

SWEENEY, J.    Appellant contends that the court of appeals erred in concluding that the records at issue in the case *sub judice* were subject to the exceptions to public disclosure contained in R.C. 149.43(A)(1). Appellant further maintains that, irrespective of the ultimate determination regarding disclosure of all or part of the records, the appellate court was required to conduct an *in camera* review of the documents and determine on an individual basis which materials were exempt from disclosure and which were not.

We conclude, however, that these issues are not properly presented for our review. Given the current procedural context, a writ of mandamus is an inappropriate vehicle by which to gain access to the records in question.

In *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, this court recognized that a writ of mandamus will not lie where the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal.

A writ of mandamus brought pursuant to R.C. 149.43 is no different from writs authorized under other provisions of law and is subject to the same limitations. In *State, ex rel.*

*Scanlon,* v. *Deters* (1989), 45 Ohio St. 3d 376, 544 N.E. 2d 680, we held in paragraph one of the syllabus:

"A relator in a mandamus action seeking production of documents pursuant to R.C. 149.43 is required, as are relators in other mandamus actions, to show the absence of an adequate alternative to issuing the writ."

As recognized in *Pressley, supra,* appellate review constitutes an adequate remedy at law such as to preclude the employment of a writ of mandamus to obtain identical relief. Moreover, a remedy will not be deemed inadequate merely because it may be less convenient than resort to an extraordinary writ. In *State, ex rel. Kronenberger-Fodor Bldg. Co.,* v. *Parma* (1973), 34 Ohio St. 2d 222, 225, 63 O.O. 2d 362, 363, 297 N.E. 2d 525, 527, it was observed: "* * * where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking an extraordinary remedy is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law." See, also, *State ex rel. Cinnamon Lake Utility Co.,* v. *Pub. Util. Comm.* (1975), 41 Ohio St. 2d 79, 80, 70 O.O. 2d 165, 166, 322 N.E. 2d 645, 649.

In the case at bar, appellant sought access to documents which had previously been the subject of a subpoena *duces tecum* issued pursuant to Civ. R. 30(B). The trial court thereafter granted a Civ. R. 26(B) motion to quash the subpoena.

The granting of the motion was appealed to the Court of Appeals for Fulton County which correctly determined that, pursuant to our holding in *Klein* v. *Bendix-Westinghouse Auto. Air Brake Co.* (1968), 13 Ohio St. 2d 85, 87, 42 O.O. 2d 283, 284, 234 N.E. 2d 587, 589, the decision of the trial court was interlocutory in nature and thus not subject to immediate appellate review. Inasmuch as the granting of the motion to quash the subpoena *duces tecum* by the trial court was not a final appealable order, review of that decision must await the ultimate resolution of the underlying action. Furthermore, as evidenced by the cases cited herein, any delay or inconvenience which may result from pursuing this course of action provides no basis for circumventing the appellate process.

Our holding in *State, ex rel. Scanlon, supra,* also acknowledged that a writ of mandamus brought pursuant to R.C. 149.43 is unavailable where other procedural mechanisms may be employed to obtain the relief sought. Accordingly, paragraph two of the syllabus in *State, ex rel. Scanlon* provides:

"Where Crim. R. 16 provides a relator an adequate alternative remedy to R.C. 149.43, he cannot be granted a writ of mandamus ordering the production of public records available under such rule."

A Crim. R. 16 discovery request does not differ markedly from a subpoena issued to a non-party witness pursuant to Crim. R. 17 or Civ. R. 30(B). Indeed, we observed in *State, ex rel. Scanlon,* at 378-379, 544 N.E. 2d at 683, that a Crim. R. 16 discovery request would provide broader access to relevant documents than a writ of mandamus brought pursuant to R.C. 149.43. Similarly, a subpoena *duces tecum* issued pursuant to Civ. R. 30(B) would appear to afford comparable benefits. In either case, a protective order or an order to quash the subpoena is subject to appellate review.

We therefore conclude that the granting of a Civ. R. 26(B) motion to quash a subpoena *duces tecum* issued pursuant to Civ. R. 30(B) is subject to

review by way of appeal. Accordingly, the party opposing the motion may not seek to obtain identical relief collaterally through the institution of a separate action in mandamus brought pursuant to R.C. 149.43(C).

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS and WRIGHT, JJ., dissent.

DOUGLAS, J., dissenting.    I fear that today's majority decision will be used, by persons so inclined, to sound the death knell of R.C. 149.43. It is simply inconceivable to me that a majority of this court, given our past steadfast course of ensuring openness in the public-records field, can concur in an opinion which places yet another roadblock to the public's right to know.

The majority opinion says that "* * * a writ of mandamus brought pursuant to R.C. 149.43 is unavailable where other procedural mechanisms may be employed to obtain the relief sought." However, the statute does not provide that if an adequate remedy at law is available, an action in mandamus to enforce the mandates of R.C. 149.43 does not lie.

R.C. 149.43(C) specifically provides that mandamus is the appropriate remedy to force compliance with the open-records statute. Given the language of today's majority opinion, it is my guess that each mandamus action to enforce the law will be met by a motion to dismiss because the allegedly aggrieved party can file a civil action to obtain relief and compel compliance.

The absurdity of this position should be clear. By the time a civil action or, as in the case now before us, a subpoena issued pursuant to Civ. R. 30(B), or a Crim. R. 16 discovery motion as in *State, ex rel. Scanlon,* v. *Deters* (1989), 45 Ohio St. 3d 376, 544 N.E. 2d 680, has run its course, the information sought, which may be of vital importance to be timely known to the public, will be as old as yesterday's garbage.

As stated, this statute clearly provides for mandamus to be a remedy. In *Johnson* v. *United Enterprises, Inc.* (1957), 166 Ohio St. 149, 1 O.O. 2d 402, 140 N.E. 2d 407, we held that while an injunction will not ordinarily issue if the person seeking the injunctive relief has an adequate remedy at law, the person seeking the injunction need not establish the lack of an adequate remedy where a statute specifically allows an injunction in response to certain circumstances. Given the real reason behind the public-disclosure law, that the government's business be open to the public, it is even more imperative that we not needlessly hamstring the procedure so strongly mandated by the General Assembly to ensure openness of public records.

In my dissent in *Deters*, at 379-380, 544 N.E. 2d at 684, I set forth these and other reasons. While I am deeply distressed as to the direction taken by the majority in *Deters* and now the case at bar, I shall never give up the fight to keep open and easily accessible the records of government that, in truth, really belong to the public. Government that operates in the open, operates best. Let the sun shine in.

Since the majority decision defeats these purposes, I dissent.

WRIGHT, J., concurs in the foregoing dissenting opinion.