THE STATE, EX REL. SHANE, APPELLANT, *v.* NEW PHILADELPHIA POLICE DEPARTMENT, APPELLEE.

[Cite as State, ex rel. Shane, *v.* New Philadelphia Police Dept. (1990), 56 Ohio St. 3d 36.]

(No. 90-184—Submitted August 29, 1990—Decided December 12, 1990.)

*Gerald A. Latanich,* county public defender, for appellant.

*Ronald L. Collins,* prosecuting attorney, for appellee.

*Per Curiam.* We hold today that a criminal defendant may not obtain a writ of mandamus under R.C. 149.43 to secure public records when he may litigate his right to obtain these records in his criminal case. Hence, we conclude the court of appeals correctly denied Shane's complaint for a writ of mandamus.

In *State, ex rel. Scanlon,* v. *Deters* (1989), 45 Ohio St. 3d 376, 544 N.E. 2d 680, paragraph one of the syllabus, we held: "A relator in a mandamus action seeking production of documents pursuant to R.C. 149.43 is required, as are relators in other mandamus actions, to show the absence of an adequate alternative to issuing the writ." In *Scanlon,* we denied mandamus relief when the public records could otherwise be obtained through the discovery process in a criminal trial. In *State, ex rel. McGee,* v. *Ohio State Bd. of Psychology* (1990), 49 Ohio St. 3d 59, 61, 550 N.E. 2d 945, 947, we recognized that "[t]rial courts are fully able to decide R.C. 149.43 issues in any discovery process." See *Henneman* v. *Toledo* (1988), 35 Ohio St. 3d 241, 520 N.E. 2d 207.

In *State, ex rel. Hastings Mut. Ins. Co.,* v. *Merillat* (1990), 50 Ohio St. 3d 152, 553 N.E. 2d 646, we affirmed the court of appeals when it denied relief to a civil litigant seeking public records via mandamus. In that case, Hastings Mutual tried to obtain police investigation records in the course of discovery during civil litigation. The trial court quashed a subpoena *duces tecum,* thereby preventing public release of alleged public records. Thereafter, Hastings Mutual filed a separate public-records mandamus action under R.C. 149.43 to secure a copy of the police investigation records. We denied relief because Hastings Mutual had an adequate legal remedy, by way of appeal, for any wrongful refusal to release the records.

From these cases, we conclude Shane had an adequate legal remedy, criminal discovery, to test any right he had to obtain these documents as public records. Trial courts can decide R.C. 149.43 issues in the discovery process. *State, ex rel. McGee,* v. *Ohio State Bd. of Psychology, supra; Henneman* v. *Toledo, supra.* If the trial court wrongfully decided the R.C. 149.43 issues, Shane could obtain redress by way of appeal from his criminal conviction. See *State, ex rel. Hastings Mut. Ins. Co.,* v. *Merillat, supra.* Since Shane had an adequate legal remedy, the court of appeals correctly denied the writ.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

DOUGLAS, J., concurring in judgment only. I concur only in the judgment. R.C. 149.43 accords the absolute right of mandamus to obtain public records. There is no exception to this right, based on an adequate remedy at law, contained in the statute. Once again, the majority rewrites a statute to meet its desired result.

I concur, however, because the records sought fall within the exceptions found in R.C. 149.43.