JOURNAL ENTRY AND OPINION
Relator, Richard F. Davet, through his complaint for a writ of mandamus, seeks an order from this court which require the vacation of the appointment of the respondent, Judge Deborah J. Nicastro, as the presiding judge in the underlying case ofGeneral Motors Acceptance Corp. v. Richard Davet, Garfield Hts.
Municipal Court Case No. 99-CVF-00171. The relator further seeks an order from this court which requires the appointment of another judge to preside in the proceeding in place of the respondent. The respondent, has filed a motion to dismiss which this court grants for the following reasons.
The requisites for mandamus are well established: 1) the relator must establish a clear legal right to the requested relief; 2) the respondent must possess a clear legal duty to perform the requested relief; and 3) the relator does not possesses nor possessed an adequate remedy at law. State ex rel.Tran. v. McGrath (1997), 78 Ohio St.3d 45; State ex rel.Boardwalk Shopping Center, Inc. v. Court of Appeals for CuyahogaCounty (1990), 56 Ohio St.3d 118; State ex rel. Sibarco Corp. v. City of Berea (1966), 7 Ohio St.2d 85. In the present case, the relator has failed to establish each prong of the aforesaid three-part test.
Initially, we find that the relator has failed to establish that he possesses a clear legal right which requires that the appointment of the respondent, to preside in the matter ofGeneral Motors Acceptance Corp. v. Richard Davet, supra, be vacated. In addition, the relator has failed to establish — that the named respondent, Judge Deborah J. Nicastro, possesses a clear legal duty to vacate her appointment as the judge presiding in the matter of General Motors Acceptance Corp. v. RichardDavet. In fact, R.C. 2701.131 provides that the presiding judge of the court of common pleas shall issue an entry which disqualifies a presiding judge and designates another judge of the municipal or county court, or of the court of common pleas, to preside in the proceeding in place of the disqualified judge. Any duty to vacate the entry of disqualification and appointment and the designation of another judge must be made by the presiding judge of the court of common pleas and not the named respondent. Thus, the relator has named the wrong respondent which renders his complaint for a writ of mandamus fatally defective. Cf. State ex rel. Dohison v. Reddy (1978), 55 Ohio St.2d 59;State ex rel. Pressley v. Industrial Commission of Ohio
(1967), 11 Ohio St.2d 141.
Finally, the relator has failed to establish that he does not possess an adequate remedy at law. To the contrary, the pleadings before this court clearly indicate that the respondent entered a final judgment on behalf of plaintiff General Motors Acceptance Corp., in the underlying case on March 15, 1999. In addition, the relator perfected a timely appeal from the adverse judgment that was rendered by the respondent. See appeal as filed on April 13, 1999, in General Motors Acceptance Corp. v. Richard Davet,
Cuyahoga Appellate Case No. 76288. Thus, the relator has already availed himself of an adequate remedy at law which prevents this court from issuing a writ of mandamus. State ex rel. CaseyOutdoor Advertising, Inc. v. Ohio Dept. of Transportation (1991),61 Ohio St.3d 429; State ex rel. Hastings Mutual Insurance Co. v. Merillat (1990), 50 Ohio St.3d 152; State ex rel. Rhodes v. VanBrocklin (1988), 36 Ohio St.3d 236.
Accordingly, we grant the respondent's motion to dismiss.
Costs to relator.
Writ dismissed.
TERRENCE O'DONNELL. P.J. and
MICHAEL J. CORRIGAN.J. CONCUR.
 ______________________________ PATRICIA ANN BlACKMON JUDGE