OPINION AND JOURNAL ENTRY
On April 11, 2000, pro se Relator filed a Petition for Writ of Mandamus seeking an order to compel Respondent, Mahoning County Court No. 2, to issue a final judgment in Case No. 97 CVF 244 then pending in said court.
The gravamen of Relator's petition is that Respondent had failed to rule on a motion for summary judgment pending in said action and that an unreasonable period of time had passed since its filing on or about May 11, 1999.
At the outset we note that Mahoning County Court No. 2 Case No. 97 CVF 244 is a matter captioned Samuel L. Buoscio v. Stadium Lincoln Mercury. On the second page of his petition and in his Affidavit Relator refers to Case No. 97 CVF 241, which is apparently a typographical error on his part. We will proceed on the basis that the underlying trial court case is 97 CVF 244 in Mahoning County Court No. 2.
The docket record of this case reflects that on April 28, 2000 this court granted Respondent 30 days to file an answer or otherwise plead in response to the petition. Thereafter, on May 30, 2000 Respondent filed a motion for additional time and this court granted leave as of June 7, 2000 to file a motion for summary judgment.
Attached to Respondent's motion for summary judgment is a Judgment Entry from Mahoning County Court No. 2 in Case No. 97 CVF 244 which recites in full:
 "Upon review of the Objections to the Magistrate's Decision filed by Plaintiff on the 29th day of December 1997, this Court hereby ADOPTS the Magistrate's ruling. So ORDERED."
The above judgment entry is file-stamped and dated May 31, 2000. It is posted on the docket record of the Clerk for the court. As stated in the first syllabus of State ex rel.Westchester v. Bacon (1980), 61 Ohio St.3d 42:
 "In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. (State ex rel. Harris v. Rhodes, 54 Ohio St.2d 41)."
It may be gleaned from Respondent's motion for summary judgment that the action taken in adopting the magistrate's decision effectively denied Relator's motion for summary judgment in the underlying trial court case. As a ruling has now been entered and the requested relief has been provided, such action moots this petition for writ of mandamus.
R.C. 2731.05 clearly states:
 "The writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law."
In this case, a plain and adequate remedy in the ordinary course of the law by way of appeal is available to Relator. Stateex rel. Hastings Mut. Ins. Co. v. Merillat (1990), 50 Ohio St.3d 152.
Accordingly, Respondent's motion for summary judgment is sustained. Petition dismissed as moot. Costs waived due to Relator's indigency.
Final order. Clerk to serve copy on counsel or unrepresented party pursuant to the Civil Rules
 _______________________ EDWARD A. COX
 _______________________ JOSEPH J. VUKOVICH
 _______________________ CHERYL L. WAITE, JUDGES