OPINION AND JOURNAL ENTRY
On May 11, 2000, Relator, Samuel L. Buoscio, acting prose, filed this original mandamus action seeking to compel Respondent, Mahoning County Court of Common Pleas Judge Maureen A. Cronin, to rule on various motions pending in said court.
In his petition, Relator avers that Respondent failed to timely rule on several motions filed in Case No. 98 CV 02995. Specifically, Relator alleges that Respondent failed to timely rule on the following motions:
April 26, 1999, Motion for Summary Judgment;
 June 2, 1999, Motion to allow Relator's Motion for Summary Judgment; and
 August 12, 1999, Motion to Compel the court to allow Relator's Motion for Summary Judgment; Motion to Force Judgment on Relator's Motion for Summary Judgment, pursuant to Civ.R. 54(C).
At the outset we note that Respondent, on June 6, 2000, overruled Relator's April 26, 1999, Motion for Summary Judgment. In overruling Relator's original motion, Respondent's decision has rendered moot the remaining motions.
Jurisdiction of the courts of appeals in hearing original mandamus actions is grounded in The Ohio Constitution, Article IV, Section 3 and R.C. 2731.02. Article IV, Section 3(B)(1) provides in pertinent part:
 "The courts of appeals shall have original jurisdiction in the following:
 "* * * "(b) Mandamus;"
R.C. 2731.02 provides in pertinent part:
 "The writ of mandamus may be allowed by the supreme court, the court of appeals, or the court of common pleas and shall be issued by the clerk of the court in which the application is made."
For a writ of mandamus to issue, the relator must demonstrate: (1) that the relator has no plain and adequate remedy in the course of law; (2) that the respondent is under a clear legal duty to perform some act or acts; and (3) that relator has a clear legal right to the relief prayed for. See State ex rel.Berger v. McMonagle (1983), 6 Ohio St.3d 28. See, also, R.C.2731.05.
Respondent, represented by the office of the Mahoning County Prosecutor, in her motion to dismiss, avers that: Relator fails to state a claim upon which relief can be granted; and specifically, that Relator's claim is rendered moot by a June 6, 2000, order overruling Relator's original motion.
It has long been determined that a writ of mandamus will not issue to compel an act that has already been performed. SeeState ex rel. Eads v. Callahan (1998), 82 Ohio St.3d 405, Stateex. rel Jerninghan v. Cuyahoga Cty. Court of Common Pleas (1996),74 Ohio St.3d 278, and, State ex rel. Gantt v. Coleman (1983),6 Ohio St.3d 5.
It is clear that on June 6, 2000, Respondent overruled Relator's pending Motion for Summary Judgment, this is evidenced in Mahoning County Clerk of Courts Journal 1427, page 457. Furthermore, because the June 6, 2000 decision overruled Relator's underlying Motion for Summary Judgment, the remainder of the motions are rendered moot. As a ruling has now been entered and the requested relief has been provided, such action moots this petition.
R.C. 2731.05 clearly states:
 "The writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of the law."
Since Judge Cronin has overruled Relator's motion the plain and adequate remedy at law is an appeal from a final judgment rendered in. that civil litigation within the time permitted for an appeal to be filed. State ex rel. Hastings Mut.Ins. Co. v. Merillat (1990), 50 Ohio St.3d 152.
For the reasons stated above this Petition for Writ of Mandamus is hereby denied.
Respondent's Motion to Dismiss granted.
Petition dismissed as moot.
Costs taxed against Relator.
Final order. Clerk to serve copy on the parties pursuant to the Civil Rules.