DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court judgment upholding an Ohio Unemployment Compensation Review Commission (Commission) decision which found that James F. Loggins, plaintiff below and appellant herein, had unlawfully obtained unemployment benefits through fraudulent misrepresentations and that appellant was liable for the repayment of those benefits. The following "assignments of error" are posited for our review:
 FIRST ASSIGNMENT OF ERROR: "THE STATE OF OHIO, UNEMPLOYMENT COMPENSATION REVIEW COMMISSION AND DEFENDANT-APPELLEE'S [sic] NAMED HEREIN FAILED TO EXECUTE A STATUTORY DUTY IMPOSED UNDER OHIO REVISED CODE 4141.28(D)(1)(c) AND (D)(1)(d) WHICH REQUIRE HEARING OFFICERS `TO TAKE ANY STEPS IN HEARINGS CONSISTENT WITH THE IMPARTIAL DISCHARGE OF THEIR DUTIES, WHICH APPEAR REASONABLE AND NECESSARY TO ASCERTAIN THE FACTS AND DETERMINE WHETHER THE CLAIMANT IS ENTITLED TO BENEFITS UNDER THE LAW . . ."
 SECOND ASSIGNMENT OF ERROR: "DEFENDANT-APPELLEE'S INVESTIGATIVE SERVICES DIVISION FAILED TO EXECUTE A STATUTORY DUTY AS AGENT OF OHIO BUREAU OF EMPLOYMENT SERVICES, WHEN UPON NOTIFICATION BY PLAINTIFF-APPELLANT ON JANUARY 27, 1999, THAT PORTIONS OF THE PLAINTIFF-APPELLANT'S CLAIMS FILE HAD NOT BEEN PRESENT DURING INVESTIGATION, DEFENDANT-APPELLEE TOOK NO ACTION TO SECURE THE MISSING PORTION OF THE FILE CONTAINING STATEMENTS DISCLOSING THE FACTS TO WHICH FRAUD WAS ALLEGED."
 THIRD ASSIGNMENT OF ERROR: "PLAINTIFF-APPELLANT ASSERTS DEFENDANT-APPELLEE'S FAILURE TO INVESTIGATE THE PLAINTIFF-APPELLANT'S CLAIM THAT THERE WAS EVIDENCE FAVORABLE TO THE PLAINTIFF-APPELLANT IS A VIOLATION OF THE PLAINTIFF-APPELLANT'S RIGHTS TO PROCEDURAL DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."
 FOURTH ASSIGNMENT OF ERROR: "BY IGNORING AGENCY LETTER DATED MAY 28, 1999, STATING THAT THERE WAS NO EVIDENCE TO CONCLUDE PLAINTIFF-APPELLANT HAD COMMITTED FRAUDULENT MISREPRESENTATION, DEFENDANT-APPELLEE'S [sic] SEEK TO SUBROGATE PLAINTIFF-APPELLANT'S RIGHT TO FAIR HEARING."
 FIFTH ASSIGNMENT OF ERROR: "BY HOLDING SEPARATE FROM PORTION OF AGENCY FILE IN REVIEW, CLAIMANT STATEMENTS DATED DECEMBER 30, 1997 AND JANUARY 15, 1998 WHICH TESTIFIED TO CONTINUED EMPLOYMENT, DEFENDANT-APPELLEES FAILED STATUTORY DUTY TO `HEAR THE EVIDENCE, DEVELOP A RECORD, AND APPLY THE LAW'."
 SIXTH ASSIGNMENT OF ERROR: "ACTIONS TAKEN INVOLVING DEFENDANT-APPELLEE'S REFUSAL TO REVIEW EVIDENCE WHICH IT HAD IN ITS POSSESSION, WHERE SUCH INFORMATION WAS RECEIVED AND LAWFULLY RECORDED AS EVIDENCE PLACE IN PLAINTIFF-APPELLANT'S AGENCY FILE, CONCEALED NOT CONSIDERED DURING PLAINTIFF-APPELLANT'S ADMINISTRATIVE APPEAL PROCESS, IS NOT PROPER CONDUCT WITHIN THE DEFINITION OF OHIO REVISED CODE 4141.28, AND A VIOLATION OF STATUTORY DUTY IN REGARDS TO HEARING APPEALS OF ADMINISTRATIVE DETERMINATIONS RENDERED."
 SEVENTH ASSIGNMENT OF ERROR: "THE DETERMINATION OF SCIOTO COUNTY COMMON PLEAS COURT JUDGE . . . AND THAT OF THE STATE OF OHIO, UNEMPLOYMENT COMPENSATION REVIEW BOARD IS NOT A PROPER INTERPRETATION OF THE STATUTORY DEFINITION OF FRAUDULENT MISREPRESENTATION, AS DEFINED BY OHIO REVISED CODE, PREVIOUS COURT DECISIONS, AND IS UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED."
 EIGHTH ASSIGNMENT OF ERROR: "THE DETERMINATION OF SCIOTO COUNTY COMMON PLEAS COURT . . . TO REFUSE PLAINTIFF-APPELLANT'S MOTION TO COMPEL DEFENDANT-APPELLEE'S ANSWER TO INTERROGATORIES PRESENTED BY THE PLAINTIFF-APPELLANT IS IN ERROR, AS SET FORTH BY OHIO RULES OF CIVIL PROCEDURE AND OHIO REVISED CODE."
 NINTH ASSIGNMENT OF ERROR: "THE DECISION OF SCIOTO COUNTY COMMON PLEAS COURT . . . AFFIRMING THAT OF THE STATE OF OHIO, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, WAS `UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE', GIVEN THE FACT THAT DEFENDANT-APPELLEE ADMITTED BOTH ORALLY AND IN WRITING THAT NOT ALL OF THE EVIDENCE FAVORABLE TO THE APPELLANT IN THE APPELLANT'S AGENCY FILE AT THE TIME OF ADMINISTRATIVE REVIEW WAS CONSIDERED BEFORE A DECISION WAS RENDERED IN ANY APPEAL PROCESS."
 TENTH ASSIGNMENT OF ERROR: "AS THE DEFENDANT-APPELLEE DID NOT OBJECT, CONTEST OR ASK FOR DEFERENCE IN COMPLYING WITH PLAINTIFF-APPELLANT'S REQUEST FOR ANSWER TO INTERROGATORIES SUBMITTED, UNDER OHIO RULES OF CIVIL PROCEDURE AND OHIO REVISED CODE, DEFENDANT-APPELLEE SHOULD BE COMPELLED BY THE COURT TO RESPOND AS REQUIRED BY OHIO REVISED CODE AND OHIO RULES OF CIVIL PROCEDURE."
 ELEVENTH ASSIGNMENT OF ERROR: "THE DECISION OF SCIOTO COUNTY COMMON PLEAS COURT . . . TO OVERRULE WITHOUT COMMENT, PLAINTIFF-APPELLANT'S MOTION FOR STAY OF EXECUTION OF ADMINISTRATIVE DECISION DATED MAY 21, 1999, RENDERED BY THE STATE OF OHIO, UNEMPLOYMENT COMPENSATION REVIEW COMMISSION IS `UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE'."
 TWELFTH ASSIGNMENT OF ERROR: "COMMON PLEAS COURT, AS `COURT OF FIRST REVIEW' IN AN APPEAL FROM AN ADMINISTRATIVE AGENCY, DOES HAVE THE RIGHT TO REVIEW TRANSCRIPT AND HEAR CASE AS IN TRIAL UNDER OHIO REVISED CODE."
 THIRTEENTH ASSIGNMENT OF ERROR: "THE DECISION OF SCIOTO COUNTY COMMON PLEAS COURT . . . TO DISMISS WITHOUT COMMENT, PLAINTIFF-APPELLANT'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS IS `UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 FOURTEENTH ASSIGNMENT OF ERROR: "THE DECISION OF SCIOTO COUNTY COMMON PLEAS COURT . . . TO OVERRULE WITHOUT COMMENT, PLAINTIFF-APPELLANT'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS IS `UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE'.
A brief review of the facts pertinent to this appeal is as follows. In September of 1997, Contract Solutions, a/k/a Ambit Technologies (employer) of Cincinnati, Ohio, hired appellant to work as a computer programmer. Appellant was laid off several months later and he subsequently filed a claim with the Ohio Bureau of Employment Services (OBES), defendant below and appellee herein. Appellant's unemployment compensation benefit claim was initially approved and appellant started to receive benefits. An investigation subsequently uncovered that appellant had returned to work and had earned the following amounts while at the same time receiving unemployment compensation benefits:
Calendar Week Ending Amount
4-18-98 $ 161
4-25-98 $2,210
5-02-98 $1,038
On March 2, 1999, OBES sent a "Determination of Benefits" letter to appellant and informed him that he had received benefits for those weeks set forth above as a result of "fraudulent misrepresentation" and that he must make $573 in restitution. Appellant filed a request for reconsideration and the matter came on for an administrative (telephone) hearing on May 12, 1999, at which time appellant gave the following testimony:
 "Q. Okay. Now do you know a company by the name of Contract Solutions?
A. Yes, sir, I do.
* * *
 Q. Okay. During the weeks ending . . . April 18, April 25 and May 2 of `98, were you doing work for them during those weeks?
A. Yes, sir, I was.
* * *
 Q. Okay. Now you filed claim cards for those weeks; is that correct?
A. Yes, sir, I did.
 Q. Okay. I've got the claim cards in front of me. An answer — there's one question here that — the question is, did you work or were you self-employed during the week claimed and on each one of these weeks, you've marked `no'. Can you tell me why you've marked `no' when in actuality you were actually working during each of those weeks?
 A. When I originally applied for my claim of unemployment back in January of `98, this was the same claim that I was drawing benefits under. I had gone into the Portsmouth office of [OBES] and explained to them the situation which had occurred. My contract specifically stated that as long as the client refused to sign or was not available to sign my weekly time sheets for hours worked that no earnings would be paid.
 Q. Okay. Well, the question wasn't, didn't you have earning or were you paid monies. The question is, did you work?
A. I was just about to get to that.
Q. Okay.
 A. I explained that to [OBES] here in Portsmouth. I told them that I continued to work on the project for the client even though they were not paying for it. And at that point, I was not self-employed because I was contractually bound to work for Contract Solutions. The client was not paying me any money even though they were requiring that I continue to work on the project.
 And I said do I need to either put down that I am self-employed or that I am working. And under that explanation, I was given the instructions not to do either.
Q. Who was the person?
 A. I didn't know I was going to have to get a name of a person. There's only — I'm looking through my paper work here . . ." (Emphasis added.)
Appellant did not provide the name of the OBES employee who allegedly told him to falsify his claim cards. Appellant did, however, argue in his own defense that this was the manner in which he had marked his cards from January to May of that year and that no one had ever objected to them.
The hearing officer, apparently unimpressed with this testimony, rendered a decision which upheld the redetermination and found that appellant had received benefits for those weeks ending April 18th, April 25th and May 2d 1998 through fraudulent misrepresentations. The officer further found that appellant's assertion about being told to falsify his claim cards by an OBES employee was "specious at best." Thus, the officer concluded that benefits would be disallowed for those weeks, and that appellant was overpaid $573 for which an "order of repayment" could then be issued.
Appellant commenced the action below as a pro se appeal from that decision. He also filed, inter alia: (1) a lengthy petition for a writ of mandamus asking that the OBES decision be set aside; (2) a motion to compel discovery and force OBES to respond to interrogatories that were propounded to it during the course of the appeal; (3) a confusing motion asking "for compliance" with R.C. chapter 109; and (4) a motion for stay of execution of the OBES decision. The trial court either dismissed or overruled all these collateral requests and, on April 10, 2000, affirmed the OBES hearing officer's decision. In so ruling, the court opined that "the decision of the Ohio Unemployment Compensation Review Commission was not unlawful, unreasonable, or against the manifest weight of the evidence." This appeal followed.
Appellant's brief on appeal posits fourteen (14) assignments of error and advances nearly twenty (20) pages of argument which is somewhat confusing and difficult to follow. We find, however, that the issue before us is relatively simple and straightforward; i.e. whether the trial court erred by affirming the OBES decision. We resolve that issue in the negative. Our reasons are as follows.
The provisions of R.C. 4141.29(D)(2)(d) state, in pertinent part, that no individual may be paid unemployment compensation benefits if it is determined that the individual has "knowingly made a false statement or representation or knowingly failed to report any material fact with the object of obtaining benefits to which the individual [was] not entitled." If it is determined that a recipient has made fraudulent misrepresentations in order to obtain unemployment compensation benefits, OBES has several available remedies including, inter alia, requiring the repayment of benefits and initiating collection actions to recover those amounts. See R.C. 4141.35(A)(1)-(5). It is important to note that OBES need not prove all the elements of the common law tort of fraud under these statutes; rather, all that is required is a showing that the claimant knowingly made false representations in order to receive benefits. See Johnson v. Ohio Bur. of Emp. Serv. (May 14, 1998), Cuyahoga App. No. 73591, unreported; Christie v. Ohio Bur. of Emp. Serv.
(Sep. 6, 1996), Lake App. No. 95-L-152, unreported; Ridel v. Board ofReview (May 9, 1980), Mahoning App. No. 79CA72, unreported. With this in mind, we turn our attention to the evidence adduced during the administrative proceeding.
Our review of the record reveals that during the telephone hearing, appellant admitted that he had marked his "claim cards" to indicate that he was not working during the weeks in question when, in fact, he was working for his previous employer. These are false statements and one could reasonably conclude that they were made for the sole purpose of obtaining unemployment compensation benefits.
We note that an OBES decision may not be reversed on appeal to the common pleas court unless it is "unlawful, unreasonable or against the manifest weight of the evidence." R.C. 4141.28(O)(1). Appellate courts then apply the same standard when reviewing any further appeals beyond the common pleas court level. See Tzangas, Plaka Mannos v. Ohio Bur. OfEmp. Serv. (1995), 73 Ohio St.3d 694, 696-697, 653 N.E.2d 1207, 1210;also see King v. State Farm Mut. Auto Ins. Co. (1996), 112 Ohio App.3d 664,668, 679 N.E.2d 1158, 1161. Having thoroughly reviewed the record in this case, and after considering the myriad arguments offered by appellant in his brief, we agree with the trial court's conclusion and find that the decision of OBES was not unlawful, unreasonable or against the manifest weight of the evidence.
Appellant maintains that he falsified his "claim cards" at the behest and instruction of an OBES employee. The hearing officer rejected this contention as "specious at best," and we are not inclined to disagree with that determination. We note that reviewing courts are precluded from assessing witness credibility in unemployment compensation cases as that is the function of the hearing officer. See Durgan v. Ohio Bur. Of Emp.Serv. (1996), 110 Ohio App.3d 545, 551, 674 N.E.2d 1208, 1212. Although we recognize that the hearing in the instant case was conducted by telephone, we acknowledge that the OBES hearing officer was in a better position than this Court to hear appellant, to listen to his explanations and attendant voice inflections, and to use those observations to weigh the credibility of his proffered testimony. See generally Myers v.Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742, 745; Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. Apparently, the hearing officer gave little weight to appellant's explanation as to why he falsified his claim cards. That determination is well within the officer's province.[1] In short, we find sufficient evidence to support the officer's decision and the decision is neither unlawful nor unreasonable. Consequently, we conclude that the trial court did not err in affirming that decision.
Additionally, our review finds no merit in appellant's various other arguments. Mandamus will not lie where a relator has a plain and adequate remedy in the ordinary course of the law. See State ex rel. Haylett v.Ohio Bur. of Workers' Comp. (1999), 87 Ohio St.3d 325, 344, 720 N.E.2d 901,908; State ex rel. Fenley v. Kiger (1995), 72 Ohio St.3d 164, 165,648 N.E.2d 493, 494; State ex rel. Westchester Estates, Inc. v. Bacon
(1980), 61 Ohio St.2d 42, 399 N.E.2d 81, at paragraph one of the syllabus. Inasmuch as an appeal is thought to be an "adequate remedy at law" so as to defeat a request for mandamus, see State, ex rel. HastingsMut. Ins. Co. v. Merillat (1990), 50 Ohio St.3d 152, 553 N.E.2d 646, at paragraph one of the syllabus, the trial court correctly dismissed appellant's petition. The trial court also correctly overruled appellant's motion to compel discovery. Appeals from OBES decisions are to be heard upon such record as certified by that agency, R.C. 4141.28(O)(1).[2]
Furthermore, appellant's argument that OBES violated statutory duties to investigate his assertions, or to provide him with evidence favorable to his position, are likewise meritless. The onus was upon appellant to gather evidence which supported his version of the case and to introduce that evidence into the record at the administrative hearing.
For all these reasons, we find that appellant's assignments of error are without merit and are hereby overruled. Accordingly, we hereby affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ___________________________ Peter B. Abele, Presiding Judge
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] During the December 7, 2000, oral argument of this matter, it came to our attention that appellant contends that the hearing officer may not have had all the pertinent evidence before him when making his determination. In particular, appellant pointed out a form, dated May 27, 1999, and entitled "report of investigation of claims," which had the following box marked off thereon:
 "The facts and evidence available do not definitely establish that the claimant claimed benefits to which he or she was not entitled and/or that he or she made fraudulent misrepresentation. No further action is necessary at this time."
This form was prepared subsequent to both the telephonic hearing and the decision of the hearing officer. On December 14, 2000, we filed an entry that directed the parties to submit supplemental briefs to discuss what "impact, if any" this form might have on the instant case.
Appellant's supplemental brief appears to restate the position of his original brief that the OBES decision is "unlawful" and deprived him of his equal protection rights. The appellee's supplemental brief asserts that the form is irrelevant because appellant requested further review of his case, after the decision of the hearing officer, but that such request was denied on August 17, 1999, several months after the form was issued. Thus, OBES concludes, the agency knew of this form and its recommendations when it denied further review.
We agree with appellee's assessment. Furthermore, we again point out that the hearing officer made his finding of fraud after hearing appellant's explanation during the telephonic hearing. The form at issue here contains no discussion of the evidence and provides no account of any explanation given by appellant. The hearing officer was charged with the responsibility of determining entitlement to benefits under R.C. chapter 4141. Appellant cites no authority for the proposition that the report form in question should control the hearing officer's decision and we have found nothing to that effect in our own search.
[2] There was also no error on the part of the trial court in overruling appellant's motion for reconsideration of these rulings as such motions are considered a nullity. See Pitts v. Ohio Dept. ofTransp. (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105, at paragraph one of the syllabus.