JOURNAL ENTRY AND OPINION
Relator, Alexander Hall, has filed a complaint for a writ of mandamus through which he seeks an order from this court which requires the respondent, Judge Nancy M. Russo, to obey the appellate judgment that was rendered by this Court in State v. Hall (June 29, 2000), Cuyahoga App. No. 76467, unreported. In Hall, this Court held that the relator was improperly sentenced and the matter was remanded for re-sentencing. The respondent has filed a response to petition for writ of mandamus which we shall treat as a motion to dismiss pursuant to Civ.R. 12.
In order for this Court to issue a writ of mandamus, the relator must demonstrate that:
 1) the relator possesses a clear legal right to the relief requested;
 2) the respondent possesses a clear legal duty to perform the requested relief; and
 3) there exists no adequate remedy in the ordinary course of the law.
State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118. Herein, the relator has availed himself of an adequate remedy at law vis-a-visa direct appeal. Following remand as ordered in State v. Hall, supra, the respondent re-sentenced the relator. The relator has filed an appeal with regard to the re-sentencing order as journalized on September 18, 2000. See Cuyahoga App. No. 78825. Thus, mandamus will not issue where the relator has employed a plain and adequate remedy in the ordinary course of the law by way of an appeal. State ex rel. Hastings Mut. Ins. Co. v. Merrilat (1990), 50 Ohio St.3d 152; State ex rel. Rhodes v. Van Brocklin (1998), 36 Ohio St.3d 236.
Accordingly, we grant the respondent's motion to dismiss. Clerk to serve notice of this judgment to all parties as provided in Civ.R. 58(B). Costs to relator.
 _______________________ MICHAEL J. CORRIGAN, J.
DIANE KARPINSKI, A.J., and COLLEEN CONWAY COONEY, J., CONCUR.