JOURNAL ENTRY AND OPINION
The relator, Ali A. Akbar-El, has filed a complaint for a writ of mandamus through which he seeks an order from this Court which requires the respondent, The Cuyahoga County Court of Common Pleas, to vacate the conviction and sentence of incarceration that was rendered in the underlying case of State v. Akbar-El, Cuyahoga County Court of Common Pleas Case No. CR-12073. The respondent has filed a motion to dismiss which we grant for the following reasons.
In order for this Court to issue a writ of mandamus, the relator must demonstrate that:
 1) the relator possesses a clear legal right to the relief requested;
 2) the respondent possesses a clear legal duty to perform the requested relief; and
 3) there exists no plain and adequate remedy in the ordinary course of the law.
State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Herein, the relator has failed to demonstrate that he possesses a clear legal right or that the respondent possesses a clear legal duty to vacate the conviction and sentence of incarceration as originally imposed in State v. Akbar-El, supra. In addition, the relator filed an appeal with regard to his conviction and sentence of incarceration in State v. Akbar-El (Dec. 8, 1994), Cuyahoga App. No. 68094, unreported. Thus, mandamus will not issue where the relator has employed a plain and adequate remedy in the ordinary course of the law by way of an appeal. State ex rel. Hastings Mut. Ins. Co. v. Merrilat (1990), 50 Ohio St.3d 152,553 N.E.2d 646; State ex rel. Rhodes v. Van Brocklin (1988),36 Ohio St.3d 236, 522 N.E.2d 1088.
Finally, the relator has failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such an affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.
Accordingly, we grant the respondent's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
 Writ dismissed. ______________________________ MICHAEL J. CORRIGAN, PRESIDING JUDGE:
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.