JOURNAL ENTRY AND OPINION
{¶ 1} Byron Kittrell, the relator, has filed a petition for a writ of mandamus. Kittrell seeks an order from this court which requires the State of Ohio, respondent, to grant a motion to dismiss for lack of speedy trial as filed in the underlying action of State v. Kittrell,
Cuyahoga Cty. Court of Common Pleas Case No. CR-416690. The State of Ohio filed a motion to dismiss which we grant for the following reasons.
{¶ 2} Initially, we find that Kittrell's petition for a writ of mandamus is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying. The failure of Kittrell to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Judge Cleary,et al. (Jan. 11, 2001), Cuyahoga App. No. 78763.
{¶ 3} Kittrell has also failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court ofCommon Pleas, 94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State exrel. Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402,2001-Ohio-211, 750 N.E.2d 94. It must also be noted that Kittrell has failed to comply with Loc.App.R. 45(B)(1)(a) which provides that a complaint for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State ex rel. McCool v. AdultParole Authority (Mar. 5, 1998), Cuyahoga App. No. 73487.
{¶ 4} Finally, Kittrell has failed to state a claim upon which relief can be granted. In order for this court to issue a writ of mandamus, Kittrell must establish that: 1) he possesses a clear legal right to the relief prayed; 2) the State of Ohio possesses a clear legal duty to perform the acts requested; and 3) there exists no plain and adequate remedy in the ordinary course of the law. State ex rel. Harrisv. Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641; State ex rel.National City Bank v. Bd. Of Education (1977), 52 Ohio St.2d 81,369 N.E.2d 1200. Kittrell has failed to demonstrate that he possesses a clear legal right to have his pending motion to dismiss for lack of speedy trial granted or that the State of Ohio possesses any legal duty to grant his motion. In addition, Kittrell possesses and adequate remedy at law, through an appeal, once the trial court has ruled on his motion to dismiss for lack of speedy trial and a final judgment has been entered in CR-416690. State ex rel. Hastings Mut. Ins. Co. V. Merillat (1990),50 Ohio St.3d 152, 553 N.E.2d 646; State ex rel. Rhodes v. Van Brocklin
(1988), 36 Ohio St.3d 236, 522 N.E.2d 1088.
{¶ 5} Accordingly, we grant the motion to dismiss as filed by the State of Ohio. Kittrell to pay costs. It is further ordered that the Clerk of the Eighth District Court of Appeals, pursuant to Civ.R. 58(B), shall serve notice of this judgment and date of entry upon all parties.
Dismissed.
ANN DYKE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.