JOURNAL ENTRY AND OPINION
Arthur Cooper, the relator, has filed a petition for a writ of mandamus. Cooper seeks an order from this court which requires that the State of Ohio, the respondent, grant pre-conviction jail time credit in the amount of one hundred and forty-seven (147) days. The State of Ohio has filed a motion to dismiss which we grant for the following reasons.
Initially, we find that Cooper's petition for a writ of mandamus is defective since it is improperly captioned. The petition for a writ of mandamus must be brought in the name of the state on relation of the person applying. The failure of Cooper to properly caption his petition for a writ of mandamus constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of Allen Cty. (1962), 173 Ohio St. 226,181 N.E.2d 270; Dunning v. Judge Cleary, et al., (Jan. 11, 2001), Cuyahoga App. No. 78763.
Cooper has also failed to comply with the mandatory requirements of R.C. 2969.25(A). An inmate, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. State ex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas,94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State ex rel. Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402, 2001-Ohio-211,750 N.E.2d 94. It must also be noted that Cooper has failed to comply with Loc.App.R. 45(B)(1)(a) which provides that a complaint for an extraordinary writ must be supported by an affidavit which specifies the details of the claim. State ex rel. McCool v. Adult Parole Authority (Mar. 5, 1998), Cuyahoga App. No. 73487. Finally, Cooper has failed to state a claim upon which relief can be granted. In order for this court to issue a writ of mandamus, Cooper must establish that: 1) he possesses a clear legal right to the relief prayed for; 2) the State of Ohio possesses a clear legal duty to perform the acts requested; and 3) there exists no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641; State ex rel. National City Bank v. Bd. Of Education (1977),52 Ohio St.2d 81, 369 N.E.2d 1200. Cooper has failed to demonstrate that he possesses a clear legal right to pre-conviction jail time credit in the amount of one hundred and forty-seven days or that the State of Ohio possesses any legal duty to provide him with any pre-conviction jail time credit. Cf. State ex rel. Hastings Mut. Ins. Co. V. Merillat (1990),50 Ohio St.3d 152, 553 N.E.2d 646; State ex rel. Rhodes v. Van Brocklin (1988), 36 Ohio St.3d 236, 522 N.E.2d 1088.
Accordingly, we grant the motion to dismiss as filed by the State of Ohio. Cooper to pay costs. It is further ordered that the Clerk of the Eighth District Court of Appeals, pursuant to Civ.R. 58(B), shall serve notice of this judgment and date of entry upon all parties.
Dismissed.
ANNE L. KILBANE, J., and COLLEEN CONWAY COONEY, J., CONCUR.