OPINION
{¶ 1} Nicholas Romansik ("Romansik") appeals the April 29, 2003 judgment entry of the Trumbull County Court of Common Pleas granting summary judgment in favor of Louis Boccia and Richard Boccia (together "the Boccias"). For the reasons stated below, we affirm the decision of the trial court in this matter.
 {¶ 2} On March 10, 1980, Romansik, the Boccias, and a third party that is not a party to this law suit formed Howland Green Developmental, Inc. ("Howland"). Howland owns three parcels of property in Howland Township. Howland's charter was revoked by the state in December 1996 for non-payment of franchise taxes. On September 29, 1999, Romansik filed a complaint for partition of the Howland properties. Howland subsequently paid its back taxes and the state reinstated Howland's charter on December 12, 1999. Romansik filed an amended complaint on August 14, 2000, and then a motion for declaratory judgment on August 22, 2000.
 {¶ 3} On September 14, 2000, Romansik filed a motion to convert the motion for declaratory judgment into a separate complaint. The trial court granted the motion. The Boccias filed a motion for summary judgment in the prior case on September 21, 2000. The parties agreed to consolidate the separate cases. "[B]ased upon the pleadings, stipulations, admission[s], and briefs," the trial court found that Howland was a corporation in good standing from December 1996 forward and, thus, was entitled to own the Howland properties. Consequently, the trial court dismissed the complaint for failing to state a cause of action for partition without mentioning or granting the motion for summary judgment.
 {¶ 4} Romansik timely appealed that decision and this court, on June 21, 2002, reversed the decision of the trial court and remanded the matter back to the trial court because, in granting the motion to dismiss, the trial court improperly considered matters beyond the pleadings. Romansik v. Boccia, 11th Dist. No. 2001-T-0116, 2002-Ohio-3155, at ¶¶ 17-19. We held that to properly consider the matters outside the pleadings, the trial court should have treated the matter as a motion for summary judgment instead of a motion to dismiss for failing to state a claim. Id. at ¶ 18.
 {¶ 5} Upon the case being remanded, the trial court conducted a hearing on the motion for summary judgment on September 6, 2002. On April 29, 2003, the trial court issued findings of facts and conclusions of law, as well as a judgment entry. In its findings of facts and conclusions of law, the trial court stated that it considered "the pleadings, affidavits and stipulations." Then, in its judgment entry the court stated "[p]laintiff has failed to state a cause of action for partition * * *, and judgment dismissing the complaint for partition is hereby granted." In the judgment entry, the trial court failed to mention the Boccias' motion for summary judgment.
 {¶ 6} Romansik timely appealed and raises the following assignments of error:
 {¶ 7} "1. When a Statute is clear and unambiguous, it is an ERROR OF LAW for a Court to ENLARGE the language of a Statute by the addition of language that is not there, real or implied, and then base its judgment on that newly created language.
 {¶ 8} "2. It is an ERROR OF LAW and a Denial of Due Process of Law, for a Court in its Judgment to totally ignore certain relevant, material, and mandatory Statutory language, and base its judgment on contrary non-existing Statutory language that was created for the occasion.
 {¶ 9} "3. Where a Complaint for a Special Proceeding for an `in kind' distribution of the assets of a corporation under a Statutory Mandate to terminate and dissolve, has been properly filed in the Common Pleas Court, it is ERROR OF LAW and a Denial of Due Process, for the Trial Court to Rule that the Complaint must be dismissed BECAUSE the De Facto Corporation had subsequently become De Jure, and that as a matter of LAW, any and all pending legal Claims, Actions, or Proceedings brought during the De Facto Status are Void Per Se.
 {¶ 10} "4. When a De Facto corporation has been Reinstated as a De Jure corporation, it is ERROR OF LAW for the Trial Court to Rule that Reinstatement under ORC 1701.922 acts to VOID the express language of ORC 1701.88(B) which specifically mandates that `any claim existing or actions of proceedings pending . . . may be prosecuted to judgment.'
 {¶ 11} "5. Where a Complaint by a Shareholder requesting an `in kind' Distribution of the sole assets of a De Facto corporation under the Statutory mandate of ORC 1701.88(A) to dissolve and distribute, has been properly filed in the Common Pleas Court, it is ERROR OF LAW and specifically contrary to ORC1701.88(B) for the Trial Court to Rule that the reinstatement of the Corporation pursuant to ORC 1701.922 (reinstatement) is retroactive so as to void, nullify, and negate the duties and rights accrued and/or Mandated to various entities as a result of its De Facto Status."
 {¶ 12} Although the trial court's judgment entry implies that it granted a motion to dismiss for failure to state a claim, it is evident that, in fact, the trial court granted a motion for summary judgment. Both parties filed motions for summary judgment, the trial court conducted a hearing on the motions for summary judgment, and, as indicated in its findings of fact and conclusions of law, the trial court considered matters outside the record. Thus, it is proper for this court to review this matter as one of summary judgment. See State ex rel. Scanlon v.Deters (1989), 45 Ohio St.3d 376, 377.
 {¶ 13} Since each of Romansik's assignments of error challenge the trial court's granting of the Boccias' motion for summary judgment, we will consider them together. Romansik argues that he was not required to file a motion to dissolve because Howland had its charter revoked. Thus, Romansik claims that R.C.1701.88(A) mandated that Howland wind up its business and dissolve. Romansik, therefore, argues that the payment of back taxes did not retroactively change the status of the corporation to one in good standing from the date Howland's charter was initially revoked to the date in which its taxes were repaid.
 {¶ 14} Summary judgment is appropriate when there is "no genuine issue as to any material fact [and] * * * reasonable minds can come to but one conclusion," which is adverse to the nonmoving party. Civ. R. 56(C). In reviewing a motion for summary judgment, the court must construe the evidence in favor of the nonmoving party. Id. Moreover, an appellate court conducts a de novo review of the trial court's decision to grant summary judgment. Doe v. Shaffer, 90 Ohio St.3d 388, 390,2000-Ohio-186.
 {¶ 15} R.C. 1701.91 grants a common pleas court jurisdiction to dissolve a corporation, as well as providing the proper method for the shareholders seeking to dissolve the corporation. A shareholder can bring an action in dissolution in a court of common pleas if the articles have been canceled, the corporation is insolvent, or the object of the corporation has wholly failed. R.C. 1701.91(A). Romansik failed to allege any of these circumstances in his initial complaint. Moreover, Romansik's initial complaint was for partition, rather than for dissolution. As we stated in Romansik, Romansik did not have standing to seek partition of the Howland property. 2002-Ohio-3155, at ¶ 15.
 {¶ 16} Although Romansik filed an amended complaint on August 14, 2000, alleging that Howland's charter had been canceled, R.C.1701.88(A) allows a corporation that has had its articles canceled for failing to pay taxes to do "such acts as are required * * * to obtain reinstatement of the articles." Upon the payment of the back taxes, the corporation "shall be reinstated." R.C. 5733.22(A)(1). Since Howland's back taxes were paid, the state reinstated Howland's articles prior to Romansik's filing of the amended complaint. Thus, Romansik had no grounds for bringing a complaint for dissolution at that point. See Romansik, 2002-Ohio-3155, at ¶ 14. Moreover, even if Howland's articles were reinstated after the filing of the amended complaint, the amended complaint sought partition of the Howland property, rather than dissolution of the corporation. Thus, as noted above, Romansik lacked standing to seek a partition of the Howland Property. The trial court, therefore, did not err in granting the Boccias' motion for summary judgment because there remained no genuine issue of material fact.
 {¶ 17} For the foregoing reasons, we hold that Romansik's assignments of error are meritless. The decision of the Trumbull County Court of Common Pleas is affirmed.
Judgment affirmed.
Christley and Rice, JJ., concur.